WESTERN UNION TEL. CO. v. CITY OF TOLEDO et al.

(Circuit Court, N. D. Ohio, W. D.  August 23, 1900.)

No. 1,597.

TELEGRAPHS—OCCUPATION OF STREETS—REVOCATION OF PERMIT.

A general telegraph company, granted a permit by a city to erect poles and wires in the streets and alleys of the city, cannot, under cover of its franchise, confer the right to use such streets and alleys upon a separate company desiring to construct a local system, without the consent of the city, and an attempt to do so will justify the city in revoking its franchise.

In Equity.

H. D. Estabrook and E. A. Foote, for complainant.

Moses R. Brailey, for respondents.

THOMPSON, District Judge.  This cause is submitted on an application for a preliminary injunction.  The gist of the complaint, found in paragraph 10 of the bill, is that:

"The said city of Toledo, through its common council and its various officers, particularly the defendant officers here impleaded, threatens to cut the wires, destroy the lines, and remove the poles of your orator from districts and localities not covered by the underground ordinance, and in places and localities which do not and cannot by any possibility interfere with the ordinary travel upon the streets and alleys of said city of Toledo, and without designating any place or locality, other than the places now occupied, to which your orator shall remove these lines and poles; and your orator avers and shows unto your honors that said city of Toledo, its common council, and officers aforesaid, will, unless restrained by order of this honorable court, destroy the property of your orator, interrupt the working of its lines, disorganize and ruin its business, and incapacitate it from discharging its duties to the public and its agency to the federal government."

The affidavit of Charles O. Brigham, filed in support of the application, shows that the city of Toledo revoked the permits "for outside construction of any kind" which had theretofore been granted the complainant, and that by "outside construction of any kind" complainant understood that the entire city of Toledo was included. The affidavits of the defendants show that the city of Toledo found that the National District Telegraph Company was using the permits granted to the complainant to construct for operation a system of local messenger call boxes, and thereupon revoked the permits; and afterwards, on the 5th of April, 1900, the common council of the city of Toledo passed an ordinance directing the chief of police, the civil engineer, and superintendent of the fire-alarm telegraph to remove forthwith from the streets, alleys, and public places of the city of Toledo the wires, fixtures, and poles erected or constructed by the National District Telegraph Company. The defendants disclaim any intention to cut, remove, or destroy any of the wires, poles, or other property of the complainant, but insist upon their right to remove the property of the National District Telegraph Company, because it has not complied with the laws of the state of Ohio, nor with the ordinances and regulations of the city of Toledo governing the placing of wires and poles in said city.  The rebutting affidavits of the complainant state that every pole set and every wire strung on any of said poles

under permits issued to the complainant was and is the property of the complainant, and that no other person or corporation under said permits erected poles or strung wires thereon.

It clearly appears from the affidavits that the permits granted to the complainant contemplated work to be done in furtherance of the ordinary business of the complainant, but did not contemplate that any other company or corporation under cover of these permits would use the franchise of the complainant to establish and carry on a purely local business. Upon the case presented by the affidavits there would seem to be an abuse of the privilege granted the complainant sufficient to justify the revocation of the permits. The complainant, under its franchise, could not confer upon a separate and distinct company or corporation the right to use the streets and alleys of the city of Toledo without its consent. The ordinance referred to was directed against the National District Telegraph Company and its attempted use of the streets and alleys of the city of Toledo without its consent, and not against the complainant, and there is no proof to sustain the allegations of the bill that the defendants seek to remove or destroy the property of the complainant. The application for an injunction therefore will be refused, and the preliminary restraining order heretofore issued will be vacated.